UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RIK LINEBACK, REGIONAL DIRECTOR ) <br> OF THE TWENTY-FIFTH REGION OF    ) <br> THE NATIONAL LABOR RELATIONS     ) <br> BOARD, FOR AND ON BEHALF OF THE ) <br> NATIONAL LABOR RELATIONS          ) <br> BOARD,                                             ) <br>         Plaintiff,                                     ) <br>                                                            ) <br>     vs.                                                   ) <br>                                                            ) <br> FRYE ELECTRIC, INC.,                       ) <br>         Defendant. | 1:07-cv-0984- RLY-JMS |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING RESPONDENT'S MOTION TO STRIKE AND GRANTING PETITION FOR INJUNCTION

This matter is before the court on the Magistrate Judge's Report and Recommendation Regarding Petition for Injunctive Relief (Docket # 28 ), filed on November 19, 2007.  Petitioner, the National Labor Relations Board ("NLRB"), is seeking an injunction during its pending resolution of an unfair labor practices charge filed by IBEW Local 431 against Respondent, Frye Electric, following Frye's termination of two of its employees.  The union claims the two were engaged in activities protected by the National Labor Relations Act ("NLRA") and an administrative law judge has agreed.  The Magistrate Judge's report recommends the issuance of an injunction pursuant to section 10(j) of the NLRA while the underlying dispute pends before the

1

NLRB, to wit:

    A.    Enjoining and restraining respondent Frye Electric, Inc., from: (1) interrogating its employees concerning their Union membership, activities, and sympathies; (2) discharging its employees because of their Union activity; and (3) in any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the NLRA.

    B.    Ordering and directing respondent Fry Electric, Inc., pending final Board adjudication, to the extent they have not already done so, to: (1) immediately offer, within five days of the issuance of the court's order, interim reinstatement, in writing, to employees Thomas Fosnight and Dennis Hensley to their former positions with respondent at their previous wages and other terms or conditions of employment, displacing, if necessary, any workers contracted for, hired or reassigned to replace them, or if their former positions are no longer available, to substantially equivalent positions; (2) temporarily expunge from the personnel files of Thomas Fosnight and Dennis Hensley any references to their discharges, notify the employees of such action, and not rely on those discharges in any future discipline imposed prior to a final Board order; (3) post copies of the district court's Findings of Fact and Conclusions of Law and Order Granting Preliminary Injunction at its Avon facility and at all locations where notices to employees customarily are posted, maintain said postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements, and grant agents of the Board reasonable access to its facilities to monitor compliance with the posting requirement; and (4) within twenty days of the issuance of the district court's order, file with the court, with a copy submitted to the Regional Director of the Board for Region 25, a sworn affidavit from a responsible official of respondent setting forth with specificity the manner in which the respondent is complying with the terms of the decree.

    C.    Ordering that this case remain on the docket of this court and on compliance by respondent with its obligations undertaken hereto, and upon disposition of the matters pending before the Board, the petitioner shall cause this proceeding to be dismissed.

Respondent has set forth five objections to the Report and Recommendation. First,

Respondent contends that the conclusion of the Magistrate Judge, that the Director has a better than negligible chance of succeeding on the merits, is unsupported by the evidence. This court disagrees. Employees, Tom Fosnight and Dennis Hensley, had their employment terminated a day after they openly discussed the possibility of joining a union and the benefits of doing so. No reason was given to them for their termination, other than that it was best if they and the company simply parted ways, and despite the company's claim that the employees were sub-par performers, no warning was ever issued to them. While circumstantial in nature, such evidence is easily sufficient to give the Director more than a negligible chance of prevailing.

The second objection raised by Respondent is to the conclusion that the inevitable delay associated with Board review will result in irreparable harm. More specifically, Respondent contends that Fosnight and Hensley were not engaged in concerted activity and there was no effort by the union to organize until after the two men were fired. Therefore, Respondent argues, it is improper to assume that the employees remaining at Frye would be fearful of reprisal if they supported the union. Despite Respondent's contentions to the contrary, the record does support that Fosnight and Hensley were engaged in protected concerted activity. Fosnight had met with a union organizer and had agreed to talk to others at the company who might be interested in joining the union. Both Fosnight and Hensley engaged in open discussion of the benefits of union membership in the presence of other employees. While they may not have been openly

3

engaged in recruitment for the union, their activities were certainly a recognized step in the exploratory process associated with union organization. Their nearly immediate termination following those events could certainly chill any favorable response of the remaining employees to further organization efforts. Termination of an employee is evidence of an extreme response and a retaliatory message to employees from the company.

Respondent also objects to the Magistrate Judge's conclusion that there is no adequate remedy at law. Frye contends that reinstatement, back-pay and damages are more than sufficient remedies available to the terminated employees and an injunction would provide no additional relief. However, the Seventh Circuit has recognized that the passage of time, associated with awaiting a final decision from the Board, renders a legal remedy such as reinstatement and back pay ineffective and does nothing to heal the crushing blow when, as in this case, an organizing effort is met with such an immediate negative and allegedly illegal response from the employer. *See N.L.R.B v. Electro-Voice, Inc.*, 83 F.3d 1559, 1573 (7th Cir. 1996). So, regardless of the availability of legal remedies to the two terminated employees, the effectiveness of any ultimate Board-imposed remedy would be undercut without the imposition of some interim restraints on actions of Frye Electric which could undermine any legitimate protected activities the employees might wish to engage in.

Frye Electric contends that, contrary to the conclusion of the Magistrate Judge, the

public interest would not be furthered by the issuance of an injunction. However, the interest at stake in a section 10(j) proceeding is the interest in the integrity of the process by which employees have an opportunity, if they so choose, to engage in a collectively bargained labor agreement. *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 300 (7th Cir. 2001). "That interest is placed in jeopardy when the protracted nature of Board proceedings threatens to circumscribe the Board's ability to fully remediate unfair labor practices." *Id.* Frye Electric's actions in terminating Fosnight and Hensley should not be allowed to halt all organizing activities until the Board has a chance to reach its determination on the claim that those actions were in violation of the NLRA.

The final of the five objections is simply an objection to the conclusion, in the aggregate, that after all factors are considered the issuance of an injunction is appropriate. Needless to say, since the court agrees with the conclusions of the Magistrate Judge regarding the evidentiary support for the elements necessary to support an interim injunction, it also agrees with the conclusion that the injunction should issue.[1]

Following the filing of respondent's objections to the Magistrate Judge's Report

---

[1] The court feels that it is important to note that the requirement in the injunction that Frye Electric, Inc., offer Fosnight and Hensley a chance to return to employment with Frye, does not carry with it any obligation on the part of Frye to refrain from requiring Fosnight and Hensley to perform in the same manner as other employees. For example, if it is a requirement of all who hold similar positions to work on a certain number of weekend days per month, nothing prohibits Frye from requiring this of Fosnight and Hensley as well. Frye can not retaliate, but at the same time, Fosnight and Hensley are entitled to be treated no differently than other employees in their positions at Frye.

5

and Recommendation, the Petitioner filed its Opposition to Respondent's Objections. Respondent then filed a Motion to Strike, claiming that the opposition was impermissible under statute. That is not the case. While the statute does not specifically address a response to any filed objections, the Federal Rules of Civil Procedure clearly provide for such a response. Fed. R. Civ. P. 72(b). Accordingly, respondent's motion is without merit.

**IT IS THEREFORE ORDERED** that the Respondent's Objection to Magistrate Judge's Report and Recommendation (Docket # 30) is **OVERRULED**. The Magistrate Judge's Report and Recommendation and Proposed Memorandum of Decision (Docket # 28) is hereby **ADOPTED** in its entirety and the NLRB's Petition for Injunction (Docket # 1) is **GRANTED.** Respondent's Motion to Strike (Docket # 32) is **DENIED.**

Date: March 21, 2008.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Electronic Copies to:

Michael L. Einterz
EINTERZ & EINTERZ
einterzfirm@aol.com

Kimberly Rose Sorg-Graves
NATIONAL LABOR RELATIONS BOARD
kim.sorg-graves@nlrb.gov

Raifael Worley Williams
NATIONAL LABOR RELATIONS BOARD
raifael.williams@nlrb.gov